UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSEPH SHAFFER                                                                    Plaintiff

v.                                                         Civil Action No. 3:17-CV-571-RGJ

ANDREW DONOGHUE, ET AL.                                            Defendants

* * * * *

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Joseph Shaffer's Motion to Join New Party,
[DE 27]. Plaintiff's Motion was filed on July 2, 2018, and timely responses and replies were filed.
[DE 29, Resp. in Op. to Mot.; DE 33, Reply to Resp. to Mot.]. On August 23, 2018, Plaintiff filed
a Supplement to his Motion to Join New Party [DE 35] and Defendant filed a response to the
Supplement on November 11, 2018, [DE 50], and the matter is now ripe for adjudication. For the
reasons set forth below, the Court will GRANT Plaintiff's Motion to Join New Party, and
REMAND this action to the Jefferson Circuit Court.

## I.        FACTUAL AND PROCEDURAL BACKGROUND

According to his Complaint, on August 17, 2015, Mr. Shaffer was involved in an
automobile accident with Andrew Donoghue ("Mr. Donoghue"), who was an agent, servant, or
employee of the D L Peterson Trust ("the Peterson Trust"). [DE 1-2 at 6, ¶¶ 6–7]. On October
26, 2015, Mr. Shaffer was involved in a second automobile accident involving Abigail Hurley.
[DE 27 at 86]. Mr. Shaffer alleges that he suffered similar injuries as the result of each these
accidents. [*Id.* at 87].

Mr. Shaffer sued Mr. Donoghue, the Peterson Trust,[1] and Progressive Direct Insurance Company (Progressive) (collectively, "Defendants") in Kentucky state court, alleging state-law causes of action arising out of the August 17, 2015 accident. [DE 1-2]. On September 18, 2017, Mr. Donoghue and the Peterson Trust filed a notice of removal to the Western District of Kentucky. [DE 1]. On September 28, 2017, Mr. Donoghue and the Peterson Trust filed Answers to the Complaint. [DE 5; DE 6]. Progressive's Answer was filed on February 9, 2018. [DE 16].

On July 2, 2018, Mr. Shaffer moved to join Ms. Hurley as a new defendant, pursuant to Fed. R. Civ. P. 20(a)(2). [DE 27]. Progressive opposed this motion, which was then fully briefed by the parties. [DE 29; DE 33]. Shaffer then filed a Supplement to his Motion on August 23, 2018. [DE 35]. The supplement contained the results of Mr. Shaffer's August 10, 2018 medical examination in which Mr. Shaffer alleged that the examining doctor "was not able to distinguish the injuries between the two wrecks at issue" in this case.[2] [DE 35 at 110; DE 35-1]. Progressive moved to strike the Supplement as untimely on August 24, 2018. [DE 37 at 120–21]. With leave of the Court, Progressive filed a response to the Supplement on November 19, 2018. [DE 50].

## II.    MOTION TO JOIN NEW PARTY

Mr. Shaffer moves to join Ms. Hurley, a Kentucky resident, as a Defendant under the permissive joinder rule in Fed. R. Civ. P. 20(a)(2). [DE 27 at 86–87]. Mr. Shaffer admits that mandatory joinder under rule 19 is inapplicable because the additional party is a Kentucky resident and would destroy diversity jurisdiction. [*Id.* at 87]. This motion is opposed by Progressive on grounds that the two automobile accidents are distinct events occurring too far part in time to satisfy the transactional relatedness required under Rule 20(a)(2)(A). [DE 29 at 92–93].

---

[1] On November 21, 2017, the court granted a joint motion to substitute Sealed Air Corporation, Inc. in place of the Peterson Trust. [DE 9].

[2] The medical report appears to have been sent to Mr. Shaffer, through his attorney, on August 21, 2018. [DE 38-1 at 126].

### A.     Application of State Verses Federal Law.

As a threshold matter, this Court must determine whether its analysis of Mr. Shaffer's Motion to Join is governed by federal or state joinder law. *See, e.g.*, *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78–80 (1938). When sitting in diversity jurisdiction, "federal courts are to apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Because joinder is a procedural matter, federal courts follow federal rules when evaluating a motion to join. *See Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968) ("[I]t has been clear that in a diversity case the question of joinder is one of federal law . . . [t]o be sure, state-law questions may arise in determining what interest the outsider actually has . . . but the ultimate question whether, given those state defined interests, a federal court may proceed without the outsider is a federal matter.") (citations omitted); *see also, Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F. Supp. 1024, 1025–28 (D. Nev. 1996) (noting that federal courts follow federal rules when evaluating a motion to join in actions filed in state court and removed to federal court, so long as the joinder occurred post-removal).

Whether joinder is appropriate in this case is therefore a matter of federal law, including whether the August 17, 2015 and October 26, 2015 accidents were part of the "same . . . series of transactions or occurrences." But because this suit sounds in Kentucky tort law, whether there is a question of law or fact common to Defendants and Ms. Hurley may require analyzing Kentucky law and the facts relevant to that law.

### B.     Standard for Permissive Joinder Where Joinder Destroys Diversity Jurisdiction.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction," 28 U.S.C. § 1447(e) gives the district court the discretion to either "deny joinder, or permit joinder and remand the action to the State court." *See also, Farm*

*Bureau Life Ins. Co of Mich. v. Nat. City Corp.*, 2006 WL 2728359, at *1 (W.D. Mich. Sept. 22, 2006) (citing *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 922 (S.D.N.Y. 1995)). In such situations, the Court must "first consider whether joinder would be appropriate under Rule 20 and then proceed to weigh the competing interests in efficient adjudication and the need to protect diversity jurisdiction from manipulation." *Wyant*, 881 F. Supp. at 922; *see also Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016) (per curiam).

Federal Rule of Civil Procedure 20(a)(2) states that persons may be joined as defendants in an action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

A determination of these requirements may be made by the court on the face of the pleadings without the introduction of any evidence. *Third Degree Films v. Does 1–36*, No. 11–cv–15200, 2012 WL 2522151, at *4–10 (E.D. Mich. May 29, 2012) (determining the appropriateness of joinder based on the pleadings).

When moving to join an additional defendant, the plaintiff has the burden of showing that the pleadings satisfy the requirements of permissive joinder. *Stinnette v. Medtronic Inc.*, Civil Action No. H-09-03854, 2010 WL 767558, at *1 (S.D. Tex. Mar. 3, 2010). That burden is not onerous, however, as "[j]oinder is encouraged because it avoids multiple lawsuits involving similar or identical issues." *Pasha v. Jones*, No. 95-5265, 82 F.3d 418, at *1 (6th Cir. Apr. 17, 1996) (table) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332–33 (8th Cir. 1974)). "The purpose of Rule 20(a) is to promote judicial economy and trial convenience." *Nevada-Martinez*

*v. Amhad*, Civil Case No. 5:15-cv-239-JMH, 2016 WL 1559426, at *13 (E.D. Ky. Apr. 15, 2016) (quoting *Evans v. Midland Funding, LLC*, 574 F. Supp. 2d 808, 811 (S.D. Ohio 2008)). Application of Rule 20(a) is therefore governed by the principle that courts should allow "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

The Sixth Circuit and the district courts within generally use four factors when conducting an analysis of the competing interests in efficient adjudication and the need to protect diversity jurisdiction from manipulation: (1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities. *See Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016) (per curiam) (citing *Bailey v. Bayer CropScience, L.P.*, 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462–63 (4th Cir. 1999)); *Brandenburg v. Stanton Health Facilities, L.P.*, No. 5:14-183-DCR, 2014 WL 4956282, at *2 (E.D. Ky. Oct. 2, 2014); *Cooper v. Thames Healthcare Group, LLC*, 2014 WL 941925, at *2 (E.D. Ky. Mar. 11, 2014); *Premium Fin. Group, LLC v. MPVF LHE Lexington LLC*, No. 5:13-CV-362-KKC, 2014 WL 112308, at *4 (E.D. Ky. Jan. 9, 2014) (citing *Bridgepointe Condos, Inc. v. Integra Bank Nat'l Ass'n*, No. 08-475-C, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009)). "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008) (citations omitted). This determination is made "on a case-by-case basis" and takes "into account such considerations as efficiency, convenience, consistency, and

fundamental fairness." *Dejesus v. Humana Ins. Co.*, CIVIL ACTION NO. 3:15-CV-862-GNS, 2016 WL 3630258, at *6 (W.D. Ky. June 29, 2016) (citation omitted). This Court may also deny joinder if it would "result in prejudice, expense or delay." *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232 (M.D. Tenn. 2001) (citation omitted).

### C. Permissibility of Joinder.

#### a. The Same Series of Transactions or Occurrences.

The parties dispute whether the August 17, 2015 accident and the October 26, 2015 accident are part of "the same transaction, occurrence, or series of transactions or occurrences," as required be Rule 20(a)(2)(A). Mr. Shaffer argues that Kentucky law treats two causally unrelated events as part of the same series of transactions or occurrences when the two events jointly cause an inseparable injury. [DE 27 at 86–88]. Progressive objects to Mr. Shaffer's analysis of Kentucky law, arguing that the cases Mr. Shaffer cites involve simultaneous events, not events two months distant from each other. [DE 29 at 92–93].

In the Sixth Circuit, "[t]he words 'transaction or occurrence' are given a broad and liberal interpretation in order to avoid a multiplicity of suits." *LASA Per L'Industria Del Marmo Societa Per Azoini of Lasa, It. v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969) (citation omitted) ("the intent of the Rules is that all issues be resolved in one action, with all parties before one court, complex though the action may be"). But while district courts have been told to interpret "transaction or occurrence" broadly and liberally, there is a "dearth of caselaw directly on point in the Sixth Circuit" as to the precise delineation of those terms. *Johnson v. United Parcel Serv., Inc.*, No. 1:00-CV-310, 2006 WL 686884, at *5 (E.D. Tenn. Mar. 16, 2006).

While it is well established that joinder requires satisfaction of transactional relatedness, courts have interpreted "same transaction" or "series of related transactions" differently, even

when presented with similar circumstances. *See Gonzales v. Wal–Mart Stores, Inc.,* No. 14 CV 230, 2014 WL 2591690, at \*4 (D. Nev. May 22, 2014) (collecting cases), *adopted by* No. 2:14–CV–230 JCM, 2014 WL 2591499, at \*1 (D. Nev. June 10, 2014); *see also Hughes v. Sears, Roebuck & Co.,* No. 09 CV 93, 2009 WL 2877424, at \*6 (N.D. W. Va. Sept. 3, 2009) ("[C]ourts, faced with nearly identical facts, differ drastically in applying" Rule 20's requirements). For instance, in *Gonzales,* the Court determined that claims against two defendants who both allegedly contributed to the plaintiff's same injury were appropriately joined under Rule 20(a) notwithstanding the fact that the claims arose out of two distinct accidents—a slip-and-fall and a car accident which occurred approximately four months apart. *Gonzales,* 2014 WL 2591690, at \*1. The court determined that "[n]othing in the text of Rule 20 supports a restrictive reading that a series of occurrences can only exist where there is a causal connection . . . between incidents and a factual dependency in ascertaining liability." *Id.* at \*7.

Additionally, in *Bell v. Werner Enters., Inc.*, which is factually similar to the case before this Court, the plaintiff was involved in two automobile accidents occurring approximately two months apart and alleged that the two accidents resulted in "indivisible injuries." Civil Action No. 5:11CV18, 2011 WL 1297115, at \*1 (N.D. W. Va. Apr. 5, 2011). The court granted joinder, finding that "the injuries the plaintiff received from the two accidents are inextricably intertwined and accordingly arise from the same series of transactions or occurrences." *Id.* at \*3; s*ee, e.g.*, *Papachristos v. Hilton Mgmt., LLC*, No. 14 CV 5501, 2015 WL 1094852, at \*2–4 (N.D. Ill. Mar. 10, 2015) (permitting joinder of defendants involved in slip-and-fall and automobile accidents occurring approximately three months apart).

In contrast, the court in *Oda v. United States,* No. 11 CV 4514, 2012 WL 692409 (N.D. Cal. Mar. 2, 2012), found joinder was inappropriate where the plaintiff sought to join defendants

from two separate car accidents which occurred three months apart. *Id.* at *2. Despite the fact that the two accidents allegedly contributed to the plaintiff's injuries, the court stated that "the facts surrounding the accident with the [first] driver and the facts surrounding the accident with [the second driver] are wholly distinct from one another" and that the evidence required to determine liability would be separate for the claims against each defendant. *Id.*

In this case, Mr. Shaffer alleges that he suffered similar injuries as the result of each of the two automobile accidents and that his medical examination filed as a Supplement to his original motion indicates that there would be some apportionment between the two accidents as to the causation of his injuries. [DE 35-1 at 117]. Although the circumstances surrounding the two automobile collisions differ, there is overlap in that Mr. Shaffer intends to bring allegations against both defendants for the same injuries to the same parts of his body. As discussed above, finding this overlap to be sufficient for joinder purposes is consistent with the liberal approach endorsed in many jurisdictions, and the Sixth Circuit's directive that that "[t]he words 'transaction or occurrence' are [to be] given a broad and liberal interpretation," the court finds that transactional relatedness pursuant to Rule 20(a)(2)(A) is satisfied. *LASA Per L'Industria Del Marmo Societa Per Azoini of Lasa, It.*, 414 F.2d at 147.

### b.    A Question of Law or Fact Common to All Defendants.

The parties also dispute whether there is a question of law or fact common to the claims against Defendants and Ms. Hurley. Mr. Shaffer argues that Kentucky law supports finding a common question of law or fact in claims against multiple tortfeasors who jointly caused an injury, [DE 27 at 86–88], while Progressive argues that the cases cited by Mr. Shaffer are inapposite because the torts in those cases happened simultaneously, while the accidents in which Mr. Shaffer were involved occurred two months apart. [DE 29 at 92–93].

In *Hughes v. Lawrence-Hightchew*,[3] the plaintiff sued defendants associated with two separate automobile accidents that occurred approximately two months apart. 440 S.W.3d at 391. The Kentucky Court of Appeals permitted the joining of all defendants because there were "common factual questions as to the nature, cause, and extent" of the plaintiff's injuries. *Id.* at 392. Specifically, the Kentucky Court of Appeals found that:

> The most obvious question of fact that joins these two accidents due to their temporal proximity is the injury to [the plaintiff]. Every defendant in this case will ask [the plaintiff] the same questions regarding her condition before the first accident, after the first accident, immediately before the second accident, immediately after the second accident and her condition to this day. Her treating physicians will undoubtedly give opinions as to the cause of the injuries sustained from both accidents the severity of the injuries from each of the accidents and aggravation of any pre-existing condition from either of these accidents. It would be a waste of judicial economy and resources of the parties to be required to take multiple depositions of the same witnesses to establish these common facts if the case were brought in separate suits.

*Id.*

Thus, the court in *Lawrence-Hightchew* held that when a plaintiff is involved in two accidents, approximately two months apart, there is a common question of fact as to which of the accidents caused what portion of the plaintiff's injuries; similarly, here the August 17, 2015 and October 26, 2015 accidents occurred approximately two months apart, and Mr. Shaffer has alleged that his "injuries are intertwined between the wrecks." [DE 27 at 86]. Accordingly, there is a common question of fact pursuant to Rule 20 (a)(2)(B).

As both elements of Rule 20 are satisfied, joinder is appropriate and thus the Court must now "proceed to weigh the competing interests in efficient adjudication and the need to protect

---

[3] Where the state supreme court has issued a "directly applicable holding," this Court must abide by it "unless the state court itself has 'given clear and persuasive indication that its [earlier] pronouncement will be modified, limited or restricted.'" *Lukas v. McPeak*, 730 F.3d 635, 637 (6th Cir. 2013) (alteration in original) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940)).

diversity jurisdiction from manipulation." *Wyant*, 881 F. Supp. at 922; *see also Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016) (per curiam).

### D. Propriety of Joinder.

Fulfillment of Rule 20 requirements, however, is insufficient on its own to warrant granting Mr. Shaffer's motion. Permissive joinder ultimately rests with the sound discretion of the court, which must determine if joinder will comport with the principles of fundamental fairness. *See Dejesus*, 2016 WL 3630258, at *6 (citation omitted). In cases like these where joinder of a non-diverse party would destroy federal jurisdiction, the court has discretion under § 1447(e) to permit or deny post-removal joinder of a non-diverse party based on the equities. *See Telecom Decision Makers, Inc.,* 654 F. App'x 218, 221. As discussed above, the Sixth Circuit and the district courts within generally use the four factors to determine whether post-removal joinder of a non-diverse party is appropriate: (1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities. *Id*. "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008) (citations omitted).

Considering the first factor, there is no evidence indicating that Mr. Shaffer's motive for joinder is merely to defeat federal jurisdiction. This is not a case where the plaintiff's claim against the proposed defendant has no possible merit. *See Walton v. Bayer Corp.,* 643 F.3d 994, 999 (7th Cir. 2011) (noting that seeking to add a groundless claim indicates that a non-diverse defendant was joined simply to defeat removal); *see also Lester v. Extendicare, Inc.*, Civil Action No. 6:13–

CV–21, 2013 WL 3781300, at *3 (E.D. Ky. July 18, 2013) (considering whether the plaintiff has a "viable claim" as a factor in determining whether to grant a motion to join that would destroy diversity jurisdiction). Rather, Mr. Shaffer's claims appear plausible and do not indicate an improper motive for seeking joinder. Had Mr. Shaffer wanted to avoid federal court, he could have included the allegations against Ms. Hurley in the original complaint—doing so would have prevented Defendants from removing the case to federal court altogether. Instead, it appears that Mr. Shaffer had difficulty establishing evidence showing that the injuries suffered because of the accidents were inseparable and may have avoided joining Ms. Hurley until he had appropriate evidence. [DE 27; DE 35-1]. Therefore, the first factor weighs in favor of permitting joinder.

The court next considers whether Mr. Shaffer's request to amend is timely. Mr. Shaffer's motion to join Ms. Hurley was not filed until roughly ten months after his initial complaint against Defendants. Looking solely to the procedural history and the docket in this case, the court finds nothing particularly suspicious or dilatory in the timing of the amendment, particularly since his original motion indicated that he had "been searching for an expert to apportion his injuries between the two wrecks, but so far has been unable to do so." [DE 27 at 87]. Without additional evidence, any delay appears to have been related to Mr. Shaffer's attempt to get an IME.

Moreover, when Mr. Shaffer's motion was filed, the discovery deadline had not passed, dispositive motions had yet to be filed, and the pretrial conference had yet to occur. [*See* DE 15; *see also Scott Elliot Smith, LPA v. Travelers Cas. Ins. Co. of Am.*, Civil Action No. 2:12–cv–00065, 2012 WL 1758398, at *3 (S.D. Ohio May 16, 2012) (finding that where the motion "was filed prior to the Court's preliminary pretrial conference and before discovery . . . this factor does not weigh strongly in favor of either position")]. As Mr. Shaffer's request for joinder was filed

prior to the great majority of pretrial deadlines, the court finds that the timing of the motion neither favors nor disfavors joinder.

As for whether Mr. Shaffer will suffer prejudice if this court denies joinder, the Court must balance this prejudice against Progressive's interest in avoiding the state court. The Court must also take into account Mr. Shaffer's interest in assuring that liability for his injuries is correctly apportioned, if possible, between the two motorists. *See Papachristos v. Hilton Mgmt., LLC*, 2015 WL 1094852, at *5. Moreover, if joinder is denied, Mr. Shaffer will need to file a separate action against Ms. Hurley in state court and litigate two distinct lawsuits involving overlapping evidence regarding the nature and extent of the injuries resulting from each incident. The duplicative efforts would not only be wasteful but could also lead to inconsistent outcomes. *See Bridgepointe Condominiums, Inc.*, 2009 WL 700056, at *3. For example, each of the defendant motorists will likely each argue that the other is responsible for Mr. Shaffer's injuries, and it is possible that though both defendants are found liable, separate fact-finders could determine that the other defendant's conduct was primarily responsible for Mr. Shaffer's injuries. *See Gonzales,* 2014 WL 2591690, at *8; *see also Carpenter v. Menard, Inc.,* No. 14 CV 113, 2014 WL 5465747, at *4 (N.D. Ind. July 10, 2014) (finding that without joinder, plaintiffs faced increased risk of being barred from recovery by state contributory negligence statutes). This situation could result in both defendants being found liable for Mr. Shaffer's injuries, yet he recovers lower damages than those to which he is entitled. *See Gonzales,* 2014 WL 2591690, at *8.

Finally, this Court must consider other equitable considerations. One equitable factor, favoring denial of joinder, is that Defendants have a "substantial interest in proceeding in a federal forum." *Cooper v. Thames Healthcare Grp., LLC*, Civil No. 13–14–GFVT, 2014 WL 941925, at *5 (E.D. Ky. Mar. 11, 2014) (citing *Bridgepointe Condominiums, Inc.*, 2009 WL 700056, at *4).

Weighing all these factors, however, this Court declines to exercise its discretion under 28 U.S.C. § 1447(e) to deny joinder. While Defendants have a legitimate interest in having this matter adjudicated in a federal forum, that interest is "present whenever a plaintiff in a removed case seeks to add a nondiverse defendant" and is not therefore sufficient to prevent joinder. *Multi-Shot, LLC*, 2010 WL 376373, at *10. The significant prejudice that would be suffered by Mr. Shaffer if joinder is denied, in conjunction with the lack of evidence that he seeks joinder to destroy federal jurisdiction, moves this Court to permit joinder under 28 U.S.C. § 1447(e) and remand to state court.

Having granted joinder of a party which destroys complete diversity, this Court no longer has subject matter jurisdiction as neither diversity jurisdiction nor federal-question jurisdiction exist, and thus, remand is appropriate. *See, e.g.*, *Watkins v. Hansford*, 3:17-CV-00069-CRS, 2017 WL 4158647, at *5 (W.D. Ky. Sept. 19, 2017) (granting joinder of a party non-diverse to the plaintiff and remanding the case to state court because the federal district court no longer had subject-matter jurisdiction).

## IV.  CONCLUSION

For the foregoing reasons, this Court will **GRANT** Mr. Shaffer's Motion to Join New Party, [DE 27], and **REMAND** this case to the Jefferson Circuit Court.